IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION

Willie J. Harrison,                                    )
                                                       )    Case No. 15 CV 02964
                    Petitioner,                        )
                                                       )
   vs.                                                 )
                                                       )
Kimberly Butler, Warden, Menard                        )    Judge Philip G. Reinhard
Correctional Center,                                   )
                                                       )
                    Respondent.                        )

## ORDER

For the following reasons, petitioner's 28 U.S.C. § 2254 petition [1] is dismissed because his claims have been procedural defaulted. This matter is terminated.

## STATEMENT/OPINION

On April 1, 2015, petitioner Willie J. Harrison filed the instant 28 U.S.C. § 2254 petition [1], stating four grounds for relief. Ground One alleges ineffective assistance of trial counsel because trial counsel "failed to prepare, investigate, or present a defense based on expert advise in my case" supporting petitioner's self-defense claim. *See* [1] at 5. Ground Two alleges ineffective assistance of appellate counsel because appellate counsel "failed to raise the issue that was effective in my appeal . . . self defense[.]" *See* [1] at 5. Ground Three alleges prosecutorial misconduct "by withholding evidence" material to his self-defense claim. *See* [1] at 6. Finally, Ground Four alleges that his trial judge had "pervasive bias that was used in my case" and "without knowledge or examination of the facts, he used favoritism and unfair judgment in my trial." *See* [1] at 6.

In her answer to the petition, respondent Warden Kimberly Butler points out that petitioner never raised any of the above claims in one complete round of state-court review. The court's review of petitioner's state court filings confirms that no single claim was raised through a complete round of review. First, petitioner filed a direct appeal through counsel, in which he raised one argument, namely "[w]hether the defendant's sentence is successive." *See* [13-3] at 3. After the state appellate court rejected this claim, petitioner filed a pro se PLA with the Illinois Supreme Court stating "1. Appellate Court has failed to do appeal on self-defense. 2. Failure of Appellate Court and appellate public defender to follow Supreme Court rules 324, 326, 328, 608 as to have all evidence from trial court to do case on self defense. 3. That the trial court withheld evidence of photos and hospital autopsy reports to prove self defense." [13-5] at 1. The Illinois Supreme Court denied the PLA on May 28, 2014 and the Supreme Court of the United

1

States rejected petitioner's writ of certiorari as untimely on December 18, 2014. *See* [1] at 28.

On September 20, 2012, petitioner filed a post-conviction petition arguing that trial counsel failed to investigate certain hospital records that supported his self-defense claims. [13-2] at 2. The trial court dismissed the petition and petitioner did not appeal. *Id.*; *see also* [14] at 2 ("I could not get the supporting facts that I needed to be successful on an appeal of my first post-conviction petition.") and [14] at 4 ("I did not file [an] appeal cause due to my lack of legal knowledge at that time I could not get the affidavits I needed or any other supporting facts to be successful"). Finally, on December 31, 2012, defendant moved for leave to file a successive petition, alleging that he was unfit to stand trial, that he did not knowingly waive a jury trial, and that newly discovered evidence showed that he was actually innocent. *Id.* The trial court denied leave to file the successive petition, petitioner appealed, and the appellate court affirmed. *See id.* at 5. Respondent asserts that based on research, no PLA was filed; petitioner appears to concede this point and argues in reply that "the Illinois Appellate Court is the highest court to appeal a post-conviction unless it's a judgment imposing a sentence of death. In all other cases they go to appellate court pursuant to Supreme Court Rule 651[.]" [14] at 2; *see also* [1] at 25 ("I did not know enough about a postconviction to continue on my own so I did not appeal to a higher state court cause I could not get more information . . . . The appellate court is highest I went.").

As petitioner's litigation history shows, none of the issues petitioner raised in state court went through a complete round of review. His direct appeal and subsequent PLA to the Illinois Supreme Court raised different issues. His first post-conviction petition was not appealed. Finally, he did not file a PLA to the Illinois Supreme Court with regard to his successive post-conviction petition. As the Seventh Circuit has held, "[b]efore seeking federal relief, state prisoners must 'give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process.'" *Crockett v. Butler*, 807 F.3d 160, 166 (7th Cir. 2015) (quoting *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999)). When a petitioner has appealed a claim "to the Illinois Appellate Court but did not seek review by the Supreme Court of Illinois . . . [u]nder *O'Sullivan*, that means [petitioner] has procedurally defaulted [the] claim." *See Crockett*, 807 F.3d at 166. Moreover, despite petitioner's contention to the contrary, Illinois Supreme Court Rule 651 states only that the immediate appeal "from the circuit court in any post-conviction proceeding shall lie in the Appellate Court" rather than directly to the Illinois Supreme Court, but it does not restrict a post-conviction litigant from filing a PLA to the Illinois Supreme Court after unsuccessfully appealing to the appellate court. As such, here it is clear that petitioner's failure to raise any of his claims through one complete round of review has procedurally defaulted his claims.

Finally, petitioner "has not shown 'cause and prejudice' or actual innocence to excuse his default." *Crockett v. Butler*, 807 F.3d at 166 (citing *Spreitzer v. Schomig*, 219 F.3d 639, 647-48 (7th Cir.2000)). "Federal courts will not review a procedurally defaulted claim unless the petitioner can demonstrate cause for and prejudice stemming from that default, or, alternatively, that the denial of relief will result in a miscarriage of justice." *Blackmon v. Williams*, 2016 ___ F.3d ___, 2016 WL 3007212, at *7 (7th Cir. 2016). "The miscarriage of justice exception applies only in the rare case where the petitioner can prove that he is actually innocent of the

crime of which he has been convicted." *Id.* (internal quotations omitted). "To meet that standard, he must demonstrate, based on new, reliable evidence, that in light of new evidence, it is more likely than not that no reasonable juror would find him guilty beyond a reasonable doubt." *Id.* (internal quotations omitted).

Here, petitioner does allege that his appellate counsel was ineffective for failing to raise certain issues with his trial and trial counsel, which can in some instances satisfy the "cause and prejudice" standard. *See Wrinkles v. Buss*, 537 F.3d 804, 812 (7th Cir. 2008) ("Attorney error rising to the level of ineffective assistance of counsel can constitute cause to set aside procedural default."). "There remains, however, an additional procedural problem. The assertion of ineffective assistance as a cause to excuse procedural default in a § 2254 petition, is, itself, a constitutional claim that must have been raised before the state court or be procedurally defaulted." *Smith v. Gaetz*, 565 F.3d 346, 352 (7th Cir. 2009) (internal quotations omitted). "For [petitioner's] purposes, this means that he was required to raise the claim at each level of state court review: in his initial post-conviction petition before the trial court, in his appeal to the Illinois Appellate Court, and in his Petition for Leave to Appeal (PLA) to the Illinois Supreme Court." *Id.* Petitioner did not raise the claim of ineffective assistance of appellate counsel through one round of complete review, and as such that ground cannot be considered as cause for his procedural default. Moreover, petitioner has not raised "new, reliable evidence" of actual innocence that would show "more likely than not that no reasonable juror would find him guilty beyond a reasonable doubt." *Blackmon*, 2016 ___ F.3d ___, 2016 WL 3007212, at *7. As such, his procedural default may not be excused by this court.

Pursuant to Rule 11(a) of the Rules Governing § 2254 Proceedings, when dismissing a § 2254 petition, the court must determine whether to issue a certificate of appealability. A district court may issue a COA "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To do so, the petitioner's claims must "show that 'reasonable jurists' would find the court's assessment 'debatable or wrong.'" *Peterson v. Douma*, 751 F.3d 524, 530 (7th Cir. 2014). Here, the court does not find that it is a close question that petitioner has procedurally defaulted his claims. As such, no COA will issue.

Date: 7/13/2016                    ENTER:

_Philip G. Reinhard_
_____
United States District Court Judge

Notices mailed by Judicial Staff.  (LC)

3